Nicholas M. Pette, J.
This is a proceeding under article 78 of the Civil Practice Act brought by the landlord to review, and thereupon to reverse, the order of the State Rent Administrator which granted petitioner’s application for an over-all rent increase under the 6% annual return provisions of the statute, but in an amount which the petitioner claims is inadequate.
Petitioner’s application was based upon the claim that he purchased the property on December 31, 1955, at a cost of $316,900. Petitioner requested that this figure should be the basis for computing the allowable 6% return. The closing statement, however, revealed that the purchaser had invested only $16,900 in cash, or 5.33% of the total sales price; that the remainder of the price consisted of a first mortgage of $160,000 bearing interest at 4%%, a second mortgage of $100,000 bearing interest at 5%, and a purchase-money third mortgage of $40,000 bearing interest at 6%. An examination of the officially recorded deeds and mortgages in the Register’s office, affecting this property, showed that during the period between December, 1953 and March, 1954 the mortgages on this property had been increased from $127,036.98 to $211,800 by means of a series of conveyances and mortgage consolidation between three corporations having the same stockholders and officers and that, on December 29, 1955, an additional mortgage for $35,325.28 was executed by the petitioner’s grantor, which mortgage was then consolidated with other mortgages previously executed into the aforesaid second mortgage of $100,000.
Upon the basis of the foregoing facts the Rent Administrator determined that the financing terms involved in this transaction were not normal and, therefore, the sales price was rejected as the basis for computing the allowable 6% return. Instead, the Rent Administrator utilized the equalized assessed valuation of the property, as of the time the application was filed, to wit, $264,705.88. Upon that basis he made an over-all annual net adjustment in the sum of $1,739.81 and issued orders allocating this grant among the tenants. It is the landlord’s contention that the Administrator arbitrarily and illegally used the assessed valuation of the property in the face of the statute as presently worded which, he contends, makes the sales price conclusive.
The State Residential Rent Law in effect at the time this application was processed (§ 4, subd. 4, par. [a]; L. 1946, ch. *1065 274, as amd. by L. 1957, eh. 755) provides in pertinent part as follows:
‘ * Provision shall be made pursuant to regulations prescribed by the commission, for individual adjustment of maximum rents where
“ (1) the rental income from a property yields a net annual return of less than six per centum of the valuation established by a city, town or village, which is in effect at the time of the filing of the application for an adjustment under this subparagraph * * * except where there has been a bona fide sale of the property within the period between March fifteenth, nineteen hundred fifty-three, and the time of filing of the application, as the result of a transaction at arms’ length, on normal financing terms at a readily ascertainable price and unaffected by special circumstances such as a forced sale, exchange of property, package deal, wash sale or sale to cooperative; provided, however, that where there has been more than one such bona fide sale within a period of two years prior to the date of the filing of such application the commission may disregard the most recent of such sales only if a prior sale within such two-year period was adopted as the valuation of the property in a proceeding under this subparagraph ”. (Italics supplied.)
It is clear from the foregoing that while the Administrator’s discretion as to the use of the sales price was removed, he was given power to test the bona fides of a particular sale by specified criteria set forth in the language of the statute emphasized above. In the case at bar the respondent determined that the financing terms involved in this transaction were not normal and, therefore, the sale was not bona fide within the intent of the act and the regulations.
The court is of the opinion that the phrase “ on normal financing terms ” as contained in the statute would be meaningless if the Legislature did not intend to give the Administrator the power to investigate and determine whether the financing in a particular case was normal. Such an investigation was made here, and the Administrator found that the down payment represented only 5.33% of the claimed purchase price which he found to be inflated in view of the mortgage manipulations above described. These findings are substantiated by the proof in this record and, accordingly, they may not be disturbed by this court. (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1.) The determination under review is therefore confirmed and the petition dismissed, on the merits.
Submit order.